UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LOUIS MARTINA, 05B3141,

        Petitioner,

                DECISION and ORDER
-v-               09-CV-6345P

DAVID A. ROCK,

        Defendant.

_____

        Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require." 18 U.S.C.A. § 3006A

        It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

There is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards cited above, as issue has yet to be joined. Therefore plaintiff's motion for appointment of counsel is denied without prejudice at this time.

SO ORDERED.

DATED: Rochester, New York
October 22, 2009

<i>s/Marian W. Payson</i>
MARIAN W. PAYSON
United States Magistrate Judge