UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LOUIS MARTINA,

Petitioner,

-vs-

DAVID A. ROCK

Respondent.

**DECISION AND ORDER**
**No. 09-CV-06345T**

## I. Introduction

Proceeding pro se, Louis Martina ("Petitioner") has filed a document challenging the judgment of this Court dismissing his petition for a writ of habeas corpus. For the reasons discussed below, Petitioner's request for relief is denied.

## II. Background

On May 10, 2011, this Court filed a Decision and Order (Dkt #25) denying Petitioner's request for a writ of habeas corpus under 28 U.S.C. § 2254 and denying a certificate of appealability. Judgment (Dkt #26)was entered on May 11, 2011.

Over a year later, Petitioner filed a Notice of Appeal (Dkt #27) on May 18, 2012. In an Order dated June 25, 2012 (Dkt #29), the Second Circuit dismissed Petitioner's appeal effective July 16, 2012, unless, by that date, Petitioner had filed a motion for a certificate of appealability. It is unclear whether Petitioner ever filed a motion for a certificate of appealability with the Second Circuit.

On August 5, 2014, Petitioner filed a letter (Dkt #30), which was filed as a Motion for Reconsideration. Respondent has not filed any opposition to Petitioner's Motion for Reconsideration. As discussed further below, the Motion is denied.

**III. Discussion**

Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") and are frequently brought in the habeas context. See, e.g., Graziano v. Lape, No. 904CV0084LEKGJD, 2005 WL 1176567, at *1 (N.D.N.Y. May 4, 2005) (Section 2254 petitioner filed motion for reconsideration based on new evidence) (citation omitted). However, the most recent version of Rule 59(e),[1] which was in effect at the time of Petitioner's judgment, contains a 28-day time-limit on filing motions for reconsideration.[2] The deadline under Rule 59(e) is "inflexible[.]" Crenshaw v. Superintendent of Five Points Corr. Fac., 595 F. Supp.2d 224, 227 (W.D.N.Y. 2009). Therefore, Petitioner's motion cannot be brought under the authority of Rule 59(e) because it is untimely under that rule. See id.

In similar circumstances, courts have treated untimely Rule 59(e) motions as motions to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure

---

[1] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

[2] Prior to December 1, 2009, motions under Rule 59(e) had to be filed no later than 10 days after the entry of judgment.

("Rule 60(b)"). See, e.g., DiGirolamo v. United States, 279 F. App'x 37, 39 (2d Cir. 2008) (unpublished opn.) (Section 2255 petitioner's filing "cannot be construed as a Rule 59(e) motion because it was not filed within ten days of the district court's original opinion, but should be treated rather as a motion for relief from a judgment or order under Rule 60(b)(6).") (citing Feldberg v. Quechee Lakes Corp., 463 F.3d 195, 198 (2d Cir. 2006) (construing the defective Rule 59(e) motion as a Rule 60(b) motion)).

Rule 60(b) provides a party with the opportunity to seek relief from a prior judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1); see also United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977) ("While all motions made pursuant to Rule 60(b) must be brought 'within a reasonable time,' the rule specifies that those falling under the first three clauses must, in addition, be brought within a year of the entry of the challenged judgment."). Petitioner cannot obtain relief under subsections (1) through (3) because the instant motion

was filed on August 5, 2014, which is over three years after the Court's entry of judgment.

Subsections (4) and (5) are inapplicable to this matter, because there is no suggestion that the judgment is void or has been satisfied, released, or discharged.

Thus, only subsection (6) of Rule 60(b), the "catch-all provision," is potentially available to Petitioner. However, "when the reason asserted for relief comes properly within . . . [Rule 60(b)(1) through (3)], clause (6) [of Rule 60(b)] may not be employed to avoid the one-year limitation." Cirami, 563 F.2d at 32. The Court assumes arguendo that Petitioner's asserted grounds for relief place his motion outside clauses (1), (2) and (3) of Rule 60(b), and that it therefore is properly brought under clause (6). Nevertheless, it was not brought within a reasonable time.

"In considering whether a Rule 60(b)(6) motion is made within a reasonable time, the particular circumstances of the case must be scrutinized, and the interest in finality must be balanced against the reasons for the delay." Broadway v. City of N.Y., No. 96 CIV. 2798(RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) (citing PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir.1983)). The moving party carries a heavy burden to demonstrate good cause for the failure to act sooner. Kotlicky v. United States Fidelity Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987).

Here, Petitioner's motion was filed on August 5, 2014, which is 1182 days—or three years, two months, and 25 days—after the Court's entry of judgment on May 11, 2011. Petitioner has not

attempted to demonstrate good cause for failing to seek post-judgment relief sooner. Indeed, it would be difficult impossible for him to do so, given that his motion is based entirely on facts available to him at the time of his State court criminal proceeding. Petitioner's motion is based entirely on "facts" that are apparent on the face of the record; he cites only to the trial transcript and the appellate record, and he has not come forward with any new evidence of trial counsel's ineffectiveness or his alleged innocence.[3]

The Second Circuit has made clear that given the potentially far-ranging effects of granting relief under Rule 60(b)(6), the moving party must demonstrate "extraordinary circumstances" or "extreme hardship." PRC Harris, Inc., 700 F.2d at 897. Petitioner has not met this requirement and accordingly, Petitioner's motion is denied. See, e.g., Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (Section 2254 petitioner filed Rule 60(b) motion three and one-half years from the date judgment was entered; court found that was not a "reasonable time" and, even if motion were timely filed, "it would still fail, because '[r]elief under Rule 60(b)(6)

---

[3] Petitioner asserts that the following "facts" justify relief: "first if trial counsel did let trial prosecutor testify for the alleged victim would she have remember[ed] the events of the alleged crimes which would have cause[d] doubts on the jury's outcome. . . . Two[,] trial counsel was defending the alleged victim again by his own admission "I've been giving him some leeway given the young age of the witness" . . . [but] the court assigned him to defend [Petitioner]. . . ." Dkt. #30, p. 1 of 1. According to Petitioner, because "the victim could not on her own remember the events of the alleged crimes," the appellate court necessarily erred in concluding that the victim had the intelligence and mental capacity to understand the nature of the oath taken before testifying. Id. Petitioner asserts that these "facts" show that trial counsel was ineffective and that he is innocent of the charges against him. Id.

is appropriate only in cases presenting extraordinary circumstances,' and [the petitioner] has failed to allege any such circumstances") (quotation omitted); see also Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam) (Section 2254 petitioner's Rule 60(b) motion was made twenty-six months after the entry of the final judgment, "a period of time which constitutes a patently unreasonable delay absent mitigating circumstances" and the petitioner's "bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay") (citations omitted).

**IV. Conclusion**

For the reasons stated above, Petitioner's Motion for Reconsideration (Dkt #30), which the Court has construed as a Motion for Relief from Judgment under Rule 60(b), is denied. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: March 30, 2016
Rochester, New York